# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **ROBERT F. STANFORD, SR.** and **FRANCES S. STANFORD,** | ) ) ) | Case No. 19-01846-TOM7 |
| Debtors. | ) ) | |
| **THOMAS E. REYNOLDS,** as Trustee, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adv. Pro. No. _____ |
| **AXOS BANK,** | ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

**COMES NOW** Thomas E. Reynolds, as chapter 7 trustee (the "Trustee") of the bankruptcy estates (collectively, the "Estates") of Robert F. Stanford, Sr. ("R. Stanford"), and Frances S. Stanford ("F. Stanford" and together with R. Stanford, collectively, the "Debtors") and for his complaint against Axos Bank ("Axos"), states as follows:

## Parties

1. The Trustee is the duly appointed chapter 7 trustee for the Estates.

2. Axos is a United States federally chartered savings bank having its principal place of business at 4350 La Jolla Village Drive, Suite 140, San Diego, California 92122.

## Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157 and 1334(b).

4. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(H).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a), in that suit has been commenced in the district where the bankruptcy case is pending.

6. The statutory bases for relief sought herein are 11 U.S.C. §§ 548 and 550. The Trustee commences this adversary proceeding pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

## Factual Allegations

**A. The Debtors' Financial Condition.**

7. On February 25, 2019, the Debtors were the sole stockholders of American Printing Company, Inc. ("APC").

8. On February 25, 2019, the Debtors owned real property and personal property with a collective value of approximately $7,500,000.00.

9. On February 25, 2019, the Debtors owed debts[1] to creditors[2] in the amount of approximately $25,821,560.97.

---

[1] As defined in 11 U.S.C. § 101(12).
[2] As defined in 11 U.S.C. § 101(10)(A).

10. Prior to February 25, 2019, ServisFirst Bank – one of the Debtors' creditors – had made demand on the Debtors to pay their debts to ServisFirst Bank.

11. The Debtors were not able to pay their debts to ServisFirst Bank when they became due.

12. After the Debtors failed to pay ServisFirst Bank, ServisFirst Bank declared the Debtors to be in default on their debts to ServisFirst Bank.

### B. APC's Financial Condition.

13. Prior to February 25, 2019, ServisFirst Bank – one of APC's creditors – had made demand on APC to pay its debts to ServisFirst Bank.

14. APC was not able to pay its debts to ServisFirst Bank when they became due.

15. After APC failed to pay ServisFirst Bank, ServisFirst Bank declared APC to be in default on its debts to ServisFirst Bank.

16. Prior to and on February 25, 2019, APC was not able to pay its debts as they became due and it was in dire need of working capital to pay employees and purchase supplies.

17. Prior to and on February 25, 2019, APC had assets with a value of approximately $5,500,000.

18. Prior to and on February 25, 2019, APC owed debts to creditors in the amount of approximately $17,000,000.

**C. The Loan, Guaranty, and Mortgage.**

19. On February 25, 2019, Axos agreed to make a loan to APC in the original principal amount of $224,000.00 (the "Loan").

20. The Loan is evidenced by that certain *Business Promissory Note and Security Agreement* dated February 25, 2019 (the "Note").

21. Pursuant to the Note, Axos was entitled to weekly payments from APC of principal plus interest at the rate of 0.206794520548% per day; an effective annual percentage rate of 77.3355%.

22. In addition to interest, the Note provided that Axos was entitled to a prepayment penalty.

23. As a credit enhancement for the Loan, Axos required that the Debtors guaranty the Loan.

24. On February 25, 2019, the Debtors executed and delivered that certain *Continuing Guaranty, Personal (Unlimited)* (the "Guaranty").

25. As additional security for the Loan, on February 27, 2019, the Debtors executed that certain *Mortgage, Assignment of Leases and Rents and Security Agreement* (the "Mortgage").

26. Pursuant to the Mortgage, the Debtors granted Axos a lien on, and mortgage interest (the "Mortgage Interest") in, certain real property more fully described therein, and commonly known as 81 South Orange Street, Unit 202, Rosemary Beach, Florida, 32461 (the "Real Property").

27. Axos perfected its Mortgage Interest in the Real Property by properly recording the Mortgage with the Clerk of Court, Walton County, Florida, on February 27, 2019, as instrument number 20190005935.

28. At the time that the Debtors executed the Mortgage, the Debtors owned the Real Property free and clear of any claims or interests.

29. At the time that the Debtors executed the Mortgage, the Real Property had a value of approximately $330,000.

30. As a condition of the Loan, Axos required APC to execute that certain *Business Loan Purpose Affidavit* dated February 25, 2019 (the "Loan Purpose Affidavit").

31. Pursuant to the Loan Purpose Affidavit, APC stated that the Note proceeds would "be used for business purposes only . . ."

32. Axos distributed the Note proceeds to APC on February 27, 2019.

33. APC, and not the Debtors, received the Note proceeds.

34. APC used the Note proceeds to pay vendors, employees' salaries and wages, and to satisfy business obligations.

35. At the time that the Debtors executed the Guaranty, the Debtors knew that APC could not satisfy the Loan and that they would have to satisfy the Loan through the sale of the Real Property.

**D. The Loan Payments.**

36. APC made weekly payments of principal and interest to Axos as follows:

[Chart follows on next page]

| Date | Reference | Total Received | Interest | Principal | NSF | Other | Principal Balance |
|---|---|---|---|---|---|---|---|
| 2/27/2019 | New Loan Draw | (224,000.00) | - | (224,000.00) | - | - | 224,000.00 |
| 3/6/2019 | Loan Payment | 6,160.52 | 3,242.54 | 2,917.98 | - | - | 221,082.02 |
| 3/13/2019 | Loan Payment | 6,160.52 | 3,200.30 | 2,960.22 | - | - | 218,121.80 |
| 3/20/2019 | Loan Payment | 6,160.52 | 3,157.45 | 3,003.07 | - | - | 215,118.73 |
| 3/27/2019 | Loan Payment | 6,160.52 | 3,113.98 | 3,046.54 | - | - | 212,072.19 |
| 4/3/2019 | Loan Payment | 6,160.52 | 3,069.88 | 3,090.64 | - | - | 208,981.55 |
| 4/10/2019 | Loan Payment | 6,160.52 | 3,025.14 | 3,135.38 | - | - | 205,846.17 |
| 4/17/2019 | Loan Payment | 6,160.52 | 2,979.75 | 3,180.77 | - | - | 202,665.40 |
| 4/24/2019 | Loan Payment | 6,160.52 | 2,933.71 | 3,226.81 | - | - | 199,438.59 |
| 4/24/2019 | Loan Payment Reversal | (6,160.52) | (2,933.71) | (3,226.81) | - | - | 202,665.40 |
| 4/24/2019 | NSF Fee | (35.00) | - | - | (35.00) | - | 202,665.40 |

37. At no time prior to April 25, 2019, was APC in default on its Loan obligations to Axos under the terms of the Note.

**E. The Loan Satisfaction.**

38. On April 25, 2019, the Debtors sold the Real Property.

39. At Real Property sale closing the Debtors satisfied the Loan in full by paying to Axos the sum of $275,988.28 (the "Payoff"), consisting of (a) accrued interest in the amount of $3,346.14, (b) principal in the amount of $202,665.40, and (c) a prepayment penalty in the amount of $69,976.74.

40. In the 57 days that the Loan was outstanding, APC and the Debtors collectively paid Axos $25,135.18 in interest and $69,976.74 in prepayment penalties for a combined total of $95,111.92 (in addition to the $224,000 in principal); an effective annual rate of return for Axos of 271.90%.

**F. The Debtors' Bankruptcy.**

41. The Debtors commenced their bankruptcy case by filing a Voluntary Petition pursuant to chapter 11, title 11, United States Code, 11 U.S.C. § 101, *et seq.*, on May 3, 2019 (the "Petition Date").

42. On March 15, 2021, the Bankruptcy Court entered its *Memorandum Opinion and Order*, Docket No. 467, converting the Debtors' case to a case under chapter 7.

43. On March 15, 2021, the Bankruptcy Court entered its *Order Appointing Interim Trustee and Approving Standing Bond*, Docket No. 469, appointing the Trustee as trustee of the Estates.

### Count I – Fraudulent Obligation (11 U.S.C. § 548(a)(1)(B)) Guaranty

44. The Trustee incorporates by reference the allegations set forth above as if set forth fully herein.

45. The Debtors executed the Guaranty less than two years before the Petition Date.

46. Pursuant to the Guaranty, the Debtors incurred an obligation to Axos by agreeing to guaranty all of APC's obligations to Axos under the Note.

47. The Debtors did not receive any value or benefit from Axos in exchange for executing the Guaranty and incurring the obligation to Axos.

48. At the time that the Debtors executed the Guaranty and incurred the obligation to Axos, the value of the Debtors' assets was less than the debts that the Debtors owed to their creditors.

49. At the time that the Debtors executed the Guaranty and incurred the obligation to Axos, the Debtors were engaged in a business or transaction, or were about to engage in a business or transaction for which any property remaining with the Debtors was an unreasonably small capital.

50. At the time that the Debtors executed the Guaranty and incurred the obligation to Axos, the Debtors could not pay their debts as they became due.

WHEREFORE, the Trustee respectfully requests that the Court grant judgment in favor of the Trustee and against Axos for the avoidance of the Debtors' obligations to Axos under the Guaranty as a fraudulent obligation pursuant to 11 U.S.C. § 548(a)(1)(B).

### Count II – Fraudulent Transfer (11 U.S.C. § 548(a)(1)(B))
### Mortgage

51. The Trustee incorporates by reference the allegations set forth above as if set forth fully herein.

52. On February 25, 2019, the Debtors owned the Real Property free and clear of any claims or interests.

53. Pursuant to the Mortgage, on February 25, 2019, the Debtors transferred the Mortgage Interest in the Real Property to Axos.

54. The Debtors did not receive any value or benefit from Axos in exchange for executing the Mortgage and transferring the Mortgage Interest to Axos.

55. At the time that the Debtors executed the Mortgage and transferred the Mortgage Interest to Axos, the value of the Debtors' assets was less than the debts that the Debtors owed to their creditors.

56. At the time that the Debtors executed the Mortgage and transferred the Mortgage Interest to Axos, the Debtors were engaged in a business or transaction, or were about to engage in a business or transaction for which any property remaining with the Debtors was an unreasonably small capital.

57. At the time that the Debtors executed the Mortgage and transferred the Mortgage Interest to Axos, the Debtors could not pay their debts as they became due.

**WHEREFORE**, the Trustee respectfully requests that the Court grant judgment in favor of the Trustee and against Axos for the avoidance of the Debtors' transfer of the Mortgage Interest to Axos under the Mortgage as a fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(B).

### Count III – Fraudulent Transfer (11 U.S.C. § 548(a)(1)(B))
### Payoff

58. The Trustee incorporates by reference the allegations set forth above as if set forth fully herein.

59. On April 25, 2019, the Debtors owned the proceeds from the sale of the Real Property, including the Payoff that the Debtors transferred to Axos.

60. On April 25, 2019, the Debtors transferred the Payoff to Axos.

61. The Debtors did not receive any value or benefit from Axos in exchange for transferring the Payoff to Axos.

62. On April 25, 2019, the value of the Debtors' assets was less than the debts that the Debtors owed to their creditors.

63. On April 25, 2019, the Debtors were engaged in a business or transaction, or were about to engage in a business or transaction for which any property remaining with the Debtors was an unreasonably small capital.

64. On April 25, 2019, the Debtors could not pay their debts as they became due.

WHEREFORE, the Trustee respectfully requests that the Court grant judgment in favor of the Trustee and against Axos for the avoidance of the Debtors' transfer of the Payoff to Axos pursuant to 11 U.S.C. § 548(a)(1)(B).

### Count IV – Fraudulent Transfer (11 U.S.C. § 548(a)(1)(B))
### Payoff

65. The Trustee incorporates by reference the allegations set forth above as if set forth fully herein.

66. On April 25, 2019, the Debtors owned the proceeds from the sale of the Real Property, including the Payoff that the Debtors transferred to Axos.

67. On April 25, 2019, the Debtors transferred the Payoff to Axos.

68. On April 25, 2019, APC had not defaulted under the terms of the Note and was not in default under the terms of the Note.

69. On April 25, 2019, as guarantors of payment pursuant to the terms of the Guaranty, the Debtors did not owe a debt to Axos because APC had not defaulted on its obligations under the Note.

70. The Debtors did not receive any value or benefit from Axos in exchange for transferring the Payoff to Axos.

71. On April 25, 2019, the value of the Debtors' assets was less than the debts that the Debtors owed to their creditors.

72. On April 25, 2019, the Debtors were engaged in a business or transaction, or were about to engage in a business or transaction for which any property remaining with the Debtors was an unreasonably small capital.

73. On April 25, 2019, the Debtors could not pay their debts as they became due.

**WHEREFORE**, the Trustee respectfully requests that the Court grant judgment in favor of the Trustee and against Axos for the avoidance of the Debtors' transfer of the Payoff to Axos pursuant to 11 U.S.C. § 548(a)(1)(B).

### Count V – Recovery of Fraudulent Transfer (11 U.S.C. § 550(a)(1))
### Mortgage

74. The Trustee incorporates by reference the allegations set forth above as if set forth fully herein.

75. Axos is the initial transferee of the Mortgage Interest that the Debtors transferred under the Mortgage.

76. The transfer of the Mortgage Interest under the Mortgage is avoidable under 11 U.S.C. § 548(a)(1)(B).

**WHEREFORE**, the Trustee respectfully requests that the Court grant judgment in favor of the Trustee and against Axos for the recovery of the value of the Mortgage Interest transferred to Axos under the Mortgage pursuant to 11 U.S.C. § 550(a)(1).

## Count VI – Recovery of Fraudulent Transfer (11 U.S.C. § 550(a)(1))
## Payoff

77. The Trustee incorporates by reference the allegations set forth above as if set forth fully herein.

78. Axos is the initial transferee of the Payoff.

79. The transfer of the Payoff is avoidable under 11 U.S.C. § 548(a)(1)(B).

**WHEREFORE**, the Trustee respectfully requests that the Court grant judgment in favor of the Trustee and against Axos for the recovery of the Payoff pursuant to 11 U.S.C. § 550(a)(1).

## Prayers for Relief

The Trustee respectfully requests that the Court:

A. Grant judgment in favor of the Trustee and against Axos for the avoidance of the Debtors' obligations to Axos under the Guaranty as a fraudulent obligation pursuant to 11 U.S.C. § 548(a)(1)(B);

B. Grant judgment in favor of the Trustee and against Axos for the avoidance of the Debtors' transfer of the Mortgage Interest to Axos under the Mortgage as a fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(B);

C. Grant judgment in favor of the Trustee and against Axos for the avoidance of the Debtors' transfer of the Payoff to Axos pursuant to 11 U.S.C. § 548(a)(1)(B);

D. Grant judgment in favor of the Trustee and against Axos for the recovery of the value of the Mortgage Interest transferred to Axos under the Mortgage pursuant to 11 U.S.C. § 550(a)(1);

E. Grant judgment in favor of the Trustee and against Axos for the recovery of the Payoff pursuant to 11 U.S.C. § 550(a)(1);

F. Grant the Trustee such other and further relief as is just and appropriate under the circumstances.

                                              */s/ Bill D. Bensinger*
                                              Bill D. Bensinger

                                              Special Counsel for Thomas E. Reynolds, as Trustee

OF COUNSEL:

CHRISTIAN & SMALL LLP
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
Tel: 205-250-6626
Email: bdbensinger@csattorneys.com

**The Trustee will serve Axos Bank by certified mail addressed to:**

**Axos Bank**
**4350 La Jolla Village Drive**
**Suite 140**
**San Diego, California 92122**